# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**RAYMOND STRONG,**

    **Plaintiff,**

v.                             **CASE NO.: 4:22-CV-271-WS-MAF**

**FLORIDA DEP'T OF CORR.,**
**et al.,**

    **Defendants.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Raymond Strong, a pre-trial detainee proceeding *pro se*, filed a "Motion for Writ of Certiorari," which the Court liberally construes as an attempt to file civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The complaint is not on the proper form. Id. Plaintiff filed a motion to proceed *in forma pauperis* (IFP), ECF No. 2, and a pleading entitled "Tort Claim of Intentional and Strict Liability," ECF No. 3. Nonetheless, as a "three-striker," Plaintiff is not entitled to proceed IFP.

The Court may review a plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. As a result, this case is presently before the Court for screening. ECF No. 1. See 28 U.S.C.

§ 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A. Plaintiff, no stranger to the federal court, is a "three-striker" under the Prison Litigation Reform Act (PLRA) and did not pay the $402 filing fee at the time he initiated this case. The case should be dismissed under the PLRA.

## I.     Plaintiff's Filings, ECF Nos. 1, 3.

Plaintiff admits he has been housed at the Holmes County Jail since October 23, 2020. ECF No. 2, p. 5. Plaintiff sues the Florida Department of Corrections (FDOC), the attorney general's office, and Centurion of Florida; however, Plaintiff attributes no alleged acts, omissions, or violations to the named defendants. ECF No. 1. The claims stem from an incident at Santa Rosa Correctional Institution, which occurred on February 5, 2019. Id., p. 2. Plaintiff claims that while "in full restraints," a lieutenant "strang[led] and tortured" him for approximately two to three minutes. Id. Plaintiff claims that he suffered serious injuries but received no medical treatment. Id. These actions violate the Florida- and United States constitutions and various state and federal criminal laws. Id., pp. 5-7.

Plaintiff claims that he later filed a tort action against the FDOC and appealed the circuit court's decision through to the Florida Supreme Court, but the courts' rulings were unconstitutional. Id., pp. 4-5, 8-9. Plaintiff provided copies of the state court decisions and respective dockets. Id.,

pp. 12, 14-21. Leon County Circuit Court dismissed the case without prejudice for failure to properly serve the defendants. Id., p. 12. The First District Court of Appeal dismissed the case because Plaintiff did not pay the filing fee or "submit a lower tribunal order of insolvency." Id., p. 14. Finally, the Supreme Court of Florida dismissed the case for lack of jurisdiction. Id., p. 15. Apparently, Plaintiff's claims were not adjudicated on the merits and can be presented in a new action.

Plaintiff disclosed some of his federal litigation history in the filing entitled "Tort Claim of Intentional and Strict Liability." ECF No. 3, pp. 2-3. Plaintiff also outlines additional facts surrounding the physical altercation between he and the lieutenant. Id., pp. 4-5. Plaintiff claims additional officers stood by and failed to intervene; and the physician failed to treat his injuries. Id., p. 6. Nothing in the complaint suggests that Plaintiff is currently in any imminent danger of serious physical injury. See ECF Nos. 1 and 3, generally.

As relief, Plaintiff seeks money damages, payment for mental health, surgery, evaluations, medication, and any other relief to which he may be entitled. ECF No. 3, p. 9.

The Court takes judicial notice of certain federal cases initiated by Plaintiff and dismissed on the grounds that they were frivolous, malicious, or failed to state a claim. The dismissed cases include Middle District of Florida

Case Nos. 6:17-cv-963-GKS-DCI and 6:17-cv-1328-ACC-KRS, which were dismissed for failure to state a claim, and Northern District of Florida Case Nos. 3:17-cv-4814-RV-EMT and 3:19-cv-4822-RV-EMT, which were dismissed as "malicious." All are strikes under the PLRA. Dismissal is also appropriate in the instant case.

## II. Failure to Pay the Filing Fee

As a "three-striker," Plaintiff is obligated to pay the fee at the time of filing unless he can demonstrate he is in imminent danger of serious medical harm. Still, Plaintiff initiated this action without paying the fee. A prisoner who is barred from proceeding IFP must pay the filing fee at the time he initiates his lawsuit; and his failure to do so warrants dismissal of his case without prejudice. Dupree, 284 F.3d at 1236 ("the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001) (after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). There is no reason to diverge from that procedure here.

### III. Plaintiff's Claims Do Not Satisfy the Imminent Danger Exception

Plaintiff fails to demonstrate he is in imminent danger of serious physical injury at the time of his initial filing. The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). As narrated above, Plaintiff had at least three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, this Court will not follow that trend because Plaintiff is a three-striker, did not pay the filing fee when he initiated the case, has not demonstrated that he is in imminent danger of serious physical injury, and otherwise fails to state a claim.

### IV. Respondeat Superior Claims are Subject to Dismissal

Even if Plaintiff paid his filing fee, the complaint would still be subject to dismissal as frivolous and for failure to state a claim. Plaintiff named the FDOC, the attorney general's office, and Centurion but does not allege that

Case No.: 4:22-CV-00277-MW-MAF

they committed any constitutional violation. To the extent Plaintiff's claims raised against the FDOC Secretary or the other employers could be construed as being pursued under a theory of vicarious liability, "liability under § 1983 may not be based on the doctrine of *respondeat superior*." Craig v. Floyd County, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton Cty., Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); see Denno v. Sch. Bd. of Volusia Cty., 218 F.3d 1267, 1276 (11th Cir. 2000), cert. den'd, 531 U.S. 958 (2000). Instead, a government entity may be liable "only where the [government entity] itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla., 402 F.3d 1092, 1116 (11th Cir. 2005) (citations omitted). Plaintiff must establish that an official policy or custom was the "moving force" behind the alleged constitutional deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 693-94 (1978). The custom must be such "a longstanding and widespread practice [that it] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." Craig, 643 F.3d at 1310 (citation omitted). In short, to the extent Plaintiff would seek to hold the FDOC secretary liable for the physical abuse by a prison official or the failure to provide medical care, dismissal is appropriate. Plaintiff made no allegation

Case No.: 4:22-CV-00277-MW-MAF

that any policy, practice, or custom was behind the assault or lack of medical care.

## V. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that the case be **DISMISSED** without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee at the time he initiated this case and fails to meet the imminent danger exception. It is further **RECOMMENDED** that the case be **CLOSED**.

Finally, Plaintiff's motion to proceed IFP, ECF No. 2, is **DENIED** because he is a three-striker under the PLRA.

IN CHAMBERS at Tallahassee, Florida on August 3, 2022.

                                      s/ Martin A. Fitzpatrick
                                      **MARTIN A. FITZPATRICK**
                                      **UNITED STATES MAGISTRATE JUDGE**